UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EL MEHDI MODAR,<br><br>Plaintiff,<br><br>v.<br><br>DESKTOP METAL, INC., RIC FULOP, SCOTT DUSSAULT, JAMES EISENSTEIN, DAYNA GRAYSON, WEN HSIEH, JEFF IMMELT, STEPHEN NIGRO, STEVE PAPA, and BILAL ZUBERI,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff El Mehdi Modar ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Desktop Metal, Inc. ("Desktop Metal" or the "Company") and Desktop Metal's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Stratasys Ltd. through its wholly-owned subsidiary Tetris Sub, Inc. (collectively "Stratasys").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading registration statement (the "F-4") to be filed with the Securities and Exchange Commission ("SEC") on June 20, 2023. The F-4 recommends that Desktop Metal stockholders vote in favor of a proposed transaction (the "Proposed Transaction")

1

whereby Desktop Metal is acquired by Stratasys. The Proposed Transaction was first disclosed on May 25, 2023, when Desktop Metal and Stratasys announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which stockholders will receive 0.123 shares of Stratasys for each share of Desktop Metal common stock they hold (the "Merger Consideration"). The deal is valued at approximately $1.8 billion and is expected to close in the in the fourth quarter of 2023.

3. The F-4 is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the F-4 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Desktop Metal management, as well as the financial analyses conducted by Stifel, Nicolaus & Company, Incorporated ("Stifel"), Desktop Metal's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the F-4 with the SEC or otherwise causing an amendment to the F-4 to be disseminated to Desktop Metal's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Desktop Metal's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Desktop Metal.

6. Defendant Desktop Metal is a corporation organized and existing under the laws of

the State of Delaware. The Company's principal executive offices are located at 63 Third Avenue, Burlington, Massachusetts 01803. Desktop Metal common stock trades on NYSE under the ticker symbol "DM."

7. Defendant Ric Fulop has been CEO and a director of the Company since 2020.

8. Defendant Scott Dussault has been a director of the Company since 2020.

9. Defendant James Eisenstein has been a director of the Company since 2021.

10. Defendant Dayna Grayson has been a director of the Company since 2020.

11. Defendant Wen Hsieh has been a director of the Company since 2020.

12. Defendant Jeff Immelt has been a director of the Company since 2020.

13. Defendant Stephen Nigro has been a director of the Company since 2020.

14. Defendant Steve Papa has been a director of the Company since 2020.

15. Defendant Bilal Zuberi has been a director of the Company since 2020.

16. Nonparty Stratasys Ltd. is an Israeli company with its principal executive offices located at 1 Holtzman Street, Science Park, P.O. Box 2496, Rehovot, Israel 76124. Stratasys common stock trades on NASDAQ under the ticker symbol "SSYS."

17. Nonparty Tetris Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Stratasys Ltd.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either

present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

21. Desktop Metal manufactures and offers 3-D printers, printing materials from polymers to ceramics to wood, and software like technology to 3-D print using multiple materials, for manufacturers in the aerospace, automotive, health, and consumer products industries. Between 2021 and 2022, revenues increased more than 85%, from $112 million in 2021 to $209 million in 2022.

22. On May 24, 2023, the Board approved the Merger Agreement with Stratasys.

23. According to the press release issued on May 25, 2023 announcing the Proposed Transaction:

**Stratasys to Combine with Desktop Metal in Approximately $1.8 Billion All-Stock Transaction**

*Merger Creates a Next-Generation Additive Manufacturing Company Delivering Industrial Polymer, Metal, Sand and Ceramic Solutions from Design to Mass Production*

*Combined Company Expected to Generate $1.1 Billion in Revenue with Adjusted EBITDA Margin of 10%-12% in 2025*

*Stratasys and Desktop Metal Reaffirm Previously Provided Guidance*

*Companies to Host Conference Call to Discuss Transaction Today at 8:30 A.M. ET*

*Visit www.NextGenerationAM.com for More Information*

**MINNEAPOLIS and REHOVOT, Israel, and BOSTON — May 25, 2023** — Stratasys Ltd. (Nasdaq: SSYS) ("Stratasys") and Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") today announced that they have entered into a definitive agreement whereby the companies will combine in an all-stock transaction valued at approximately $1.8 billion. The transaction unites the polymer strengths of Stratasys with the complementary industrial mass production leadership of Desktop Metal's brands, creating an additive manufacturing company that is expected to be well-positioned to serve the evolving needs of customers in manufacturing.

Stratasys and Desktop Metal are expected to generate $1.1 billion in 2025 revenue, with significant upside potential in a total addressable market of more than $100 billion by 2032.

Under the terms of the agreement, which has been unanimously approved by the Boards of Directors of both companies, Desktop Metal stockholders will receive 0.123 ordinary shares of Stratasys for each share of Desktop Metal Class A common stock. This represents a value of approximately $1.88 per share of Desktop Metal Class A common stock based on the closing price of a Stratasys ordinary share of $15.26 on May 23, 2023. Following the closing of the transaction, which is expected to occur in the fourth quarter of 2023, existing Stratasys shareholders will own approximately 59% of the combined company, and legacy Desktop Metal stockholders will own approximately 41% of the combined company, in each case, on a fully diluted basis.

"Today is an important day in Stratasys' evolution," said Dr. Yoav Zeif, CEO of Stratasys. "The combination with Desktop Metal will accelerate our growth trajectory by uniting two leaders to create a premier global provider of industrial additive manufacturing solutions. With attractive positions across complementary product offerings, including aerospace, automotive, consumer products, healthcare and dental, as well as one of the largest and most experienced R&D teams, industry-leading go-to-market infrastructure and a robust balance sheet, the combined company will be committed to delivering ongoing innovation while providing outstanding service to customers. We look forward to building on the complementary strengths of the combined business and leveraging the strong brand equity across the portfolio to deliver enhanced value to shareholders, customers and employees."

"We believe this is a landmark moment for the additive manufacturing industry," said Ric Fulop, Co-founder, Chairman and CEO of Desktop Metal. "The combination of these two great companies marks a turning point in driving the next phase of additive manufacturing for mass production. We are excited to complement our portfolio of production metal, sand, ceramic and dental 3D printing solutions with Stratasys' polymer offerings. Together, we will strive to build an even more resilient offering with a diversified customer base across industries and

applications in order to drive long-term sustainable growth. We look forward to combining with Stratasys to deliver profitability while driving further innovation for a larger customer base and providing expanded opportunities for our employees."

**Compelling Strategic and Financial Benefits of the Transaction**

- **Combined Company Creates Greater Opportunities for Growth:** The transaction establishes a uniquely scaled additive manufacturing company that is expected to be one of the largest companies in the industry, targeting $1.1 billion in 2025 revenue. In addition, there are significant opportunities as additive manufacturing increases its offerings in mass production, with expected industry growth to more than $100 billion by 2032.

- **Brings Together Complementary Portfolios:** Bringing together Stratasys' and Desktop Metal's additive manufacturing platform offerings, the combined company will have a broad product portfolio and attractive positions across multiple additive manufacturing technologies and solutions. Upon close, more than 50% of pro forma combined company revenue is expected to be derived from end-use-parts manufacturing and mass production, one of the fastest growing segments in additive manufacturing. The combined company is expected to offer customers end to end solutions from designing, prototyping and tooling to mass production and aftermarket operations across the entire manufacturing lifecycle.

- **Unites Robust Innovation and Technology Expertise:** The transaction brings together complementary IP portfolios with more than 3,400 patents and pending patent applications. Together, Stratasys and Desktop Metal have invested over $500 million in R&D over the last four fiscal years. In addition, the combined company will have one of the largest R&D and engineering teams in the industry with over 800 scientists and engineers focused on driving innovation across a differentiated materials library.

- **Diversifies Customer Base Across Industries and Applications:** This combination brings together complementary products and technologies that cover a wide range of industry verticals and use cases. The combined company is expected to have superior global go-to-market capabilities with enhanced market access for recognizable brands, backed up by premier customer support capabilities. With more than 27,000 industrial customers, the combined company will have a large customer base across industries, materials and applications to drive significant recurring revenue from consumables.

- **Creates Opportunities for Meaningful Synergies:** The combined company is expected to generate approximately $50 million in additional annual run-rate cost synergies by 2025, due primarily to cost reductions in sales, general and administrative expenses, supply chain management and optimization of operational processes. The combined company is expected

6

- to generate an additional $50 million in annual run-rate revenue synergies by 2025 from enhanced market access.
- **Increases Financial Strength:** The combined company is targeting 10%-12% adjusted EBITDA margins in 2025. Together, Stratasys and Desktop Metal had $437 million[2] of cash and cash equivalents as of the first quarter of 2023, and this transaction accelerates the combined company's financial flexibility through a well-capitalized balance sheet to drive future growth.

**Leadership and Governance**

Following the close of the transaction, Dr. Zeif will lead the combined company as Chief Executive Officer together with Mr. Fulop as Chairman of the Board. Upon completion of the transaction, the combined company's Board of Directors will be comprised of 11 members, five of whom will be selected by Stratasys, and five of whom will be selected by Desktop Metal, plus Dr. Zeif as CEO. Stratasys Chairman Dov Ofer will serve as lead independent director of the combined company.

**Timing to Close and Approvals**

The transaction, which is expected to be completed in the fourth quarter of 2023, is subject to customary closing conditions, including the approval of Stratasys' shareholders and Desktop Metal's stockholders and the receipt of certain governmental and regulatory approvals.

B. **The Materially Incomplete and Misleading F-4**

24. On June 20, 2023, Defendants filed the F-4 with the SEC. The purpose of the F-4 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25. The F-4 discloses management-prepared financial projections for the Company which are materially misleading. The F-4 indicates that in connection with the rendering of Stifel's fairness opinion, Stifel reviewed "certain non-publicly available information concerning Desktop

7

Metal, including internal financial analyses and forecasts prepared by and provided to Stifel by Desktop Metal's management," as well as "certain non-publicly available information concerning Stratasys, including internal financial analyses and forecasts prepared by and provided to Stifel by Desktop Metal's management." Accordingly, the F-4 should have, but failed to, provide certain information in the projections that Desktop Metal's management provided to the Board and Stifel.

26. With respect to the Stratasys Forecast – Base case, the F-4 fails to disclose line items underlying the calculation of Adjusted EBITDA and Unlevered Free Cash Flow. The F-4 also fails to disclose the line items underlying the calculation of Adjusted EBITDA in the Stratasys Forecast – Downside case.

27. Furthermore, the F-4 fails to disclose the line items underlying the calculation of Adjusted EBITDA for the Desktop Metal forecasts. As well, the F-4 fails to disclose Desktop Metal's projected unlevered free cash flows for April 1, 2023 through December 31, 2023, and calendar years 2024 through 2027. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Stifel's Financial Analyses*

28. With respect to the *Selected Public Companies Analysis,* the F-4 fails to disclose the multiples for LTM EV/Revenue, CY 2023E EV/Revenue, and CY 2024E EV/Revenue for each selected company.

29. With respect to the *Desktop Metal Standalone Discounted Cash Flow Analysis,* the F-4 fails to disclose the estimated terminal value calculated from the Terminal Multiple method and the estimated terminal value calculated by the Perpetuity Growth method. The F-4 also fails to disclose the inputs and assumptions underlying the calculated weighted average cost of capital for Desktop Metal. In addition, the F-4 fails to disclose Desktop Metal's net debt as of March 31,

2023, as well as the number of fully-diluted outstanding shares of Desktop Metal Class A common stock as of April 30, 2023.

30. With respect to the *Stratasys Standalone Discounted Cash Flow Analysis*, the F-4 fails to disclose the estimated terminal value calculated from the Terminal Multiple method and the estimated terminal value calculated by the Perpetuity Growth method. The F-4 also fails to disclose the inputs and assumptions underlying the calculated weighted average cost of capital for Stratasys. In addition, the F-4 fails to disclose Stratasys' net debt as of March 31, 2023, as well as the number of fully-diluted outstanding Stratasys shares as of April 30, 2023.

31. With respect to the *Research Analyst Price Targets Analysis*, the F-4 fails to disclose the selected price targets for Desktop Metal and Stratasys.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

32. The F-4 also fails to disclose material information concerning the sales process. For example, the "certain financial information" reviewed by Stratsys and Desktop Metal on February 22, 2023, and if such information contained forecasts or projections, as well as any such forecasts or projections.

33. Additionally, the F-4 fails to disclose the fees received by Stifel in acting as financial advisor to Stratasys in connection with the Makerbot Transaction.

34. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff was not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

35. In addition, the Individual Defendants knew or recklessly disregarded that the F-4 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

36. Specifically, the Individual Defendants undoubtedly reviewed the contents of the F-4 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the F-4 omits the material information referenced above and contains the incomplete and misleading information referenced above.

37. Further, the F-4 indicates that on May 24, 2023, Stifel reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Desktop Metal stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Stifel's financial analyses which has been omitted from the F-4, and thus knew or should have known that such information has been omitted.

38. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. Defendants have filed the F-4 with the SEC with the intention of soliciting Desktop

Metal stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the F-4, which fails to provide the material information referenced above.

41. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Desktop Metal, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

42. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43. Specifically, and as detailed above, the F-4 violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Desktop Metal shares and the financial analyses performed by Stifel in support of its fairness opinion; and (iii) the sales process.

44. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the F-4 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the F-4 states that Stifel reviewed and discussed its financial analyses with the Board on May 24, 2023, and further states that the Board considered

Stifel's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the F-4, rendering the sections of the F-4 identified above to be materially incomplete and misleading.

45. The misrepresentations and omissions in the F-4 are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Desktop Metal within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Desktop Metal and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the F-4 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the F-4 and other statements alleged by Plaintiff to be misleading prior to the time the F-

4 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The F-4 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the F-4.

50. In addition, as the F-4 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The F-4 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the F-4 with the SEC or otherwise disseminating an amendment to the F-4 to Desktop Metal stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the F-4;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 27, 2023                    **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*